**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AARON LANCE LEITH,              ) | |
|                        Plaintiff,    ) | |
| v.                                                ) | Case No. CIV-11-924-M |
|                                                     ) | |
| STATE OF OKLAHOMA, KAY COUNTY, ) | |
| and JARROD HEATH STEVENSON,  ) | |
|                                                     ) | |
|                      Defendants.  ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Aaron Lance Leith, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

An initial review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings). It is recommended that the Complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

**I.     Background and Claims for Relief**

Plaintiff has named as defendants the State of Oklahoma, Kay County, and Jarrod Heath Stevenson, his court-appointed attorney, contending that his constitutional rights have been violated. Plaintiff was a pre-trial detainee when he filed his Complaint. According to informal correspondence received from Plaintiff and filed without further action, Plaintiff

was convicted on an arson charge in the District Court for Kay County, Oklahoma, Case. No. CF-2010-680, on September 13, 2011. [Doc. #10].

Plaintiff's Complaint centers on his allegations against his court-appointed attorney, Defendant Stevenson. In Count I he states:

> I can't even go to law library or defend my self or case don't really trust my lawyer. My lawyer won't file my motion to dismiss charges or motion to dismiss witness. I don't think he's with me and he's my court appointed att.

Complaint at 3. Initially, Plaintiff sought relief in the form of "dissmissel [sic] of charges or dismiss the state witness." Complaint at 5.

## II. Grounds for *Sua Sponte* Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissal of a complaint filed *in forma pauperis* is proper for failure to state a claim upon which relief may be granted. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). *See also* 28 U.S.C. § 1915A(b)(1). As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young*, 554 F.3d at 1256 (quotations and citation omitted).

**III.   Analysis**

   **A.   Access to the Courts**

Plaintiff states generally that he "can't even go to law library." Liberally construed, this statement appears to allege that Plaintiff has been denied access to the courts.

An inmate's "'constitutional right of access to the courts is clearly established.'" *Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006) (*quoting Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996)). To state a claim for denial of such a right, however, a prisoner "must demonstrate actual injury from interference with his access to the courts – that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (*citing Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)). The plaintiff in *Gee* alleged, among other things, that the defendants had denied him access to a law library. *Id.* Like the plaintiff in *Gee*, Plaintiff in the instant case has failed to demonstrate any injury resulting from the perceived denial of access to the courts. Consequently, Plaintiff's allegations fail to state a constitutional claim upon which relief may be granted.

Plaintiff has named his attorney as a defendant in this case based on dissatisfaction with the representation he has received. Plaintiff's attorney is not a proper party to a civil rights action. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (the conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983).

B. **Challenge to Conviction**

Plaintiff does not seek monetary damages. Liberally construed, his requested relief at this point is reversal of his conviction. The relief Plaintiff is seeking is in the nature of habeas relief. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, *his sole federal remedy is a writ of habeas corpus*." *Id.* at 500 (emphasis added). To obtain the relief he seeks, Plaintiff would have to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This Court must liberally construe a *pro se* litigant's pleadings. To construe this action as one seeking a writ of habeas corpus, however, would be of no avail to Plaintiff as Plaintiff has failed to demonstrate that he has exhausted his state court remedies with respect to his conviction. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [ ] the applicant has exhausted the remedies available in the courts of the State. . . ."). It is therefore recommended that this action be dismissed without prejudice.

## RECOMMENDATION

It is recommended that Plaintiff's civil rights action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A for failure to state a claim upon which relief may

be granted. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by December  1st , 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  10th  day of November, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE